Per Curiam.

The bedroom set, now in the Sheriff’s custody, is clearly comprised of chattels-which, if owned by the defendant, would be exempt from application to the satisfaction of a money judgment (CPLR 5205, subd. [a], par. 5). While CPLR 7103 might not be considered a model of legislative draftsmanship, its fair intendment appears to be the embrace of replevied articles, such as are involved here. The contentions of nonapplicability because the basis of the replevin was default in purchase price or that the plaintiff possessed a security interest are rejected (See 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7103.08b).
However, there is not a sufficiently extensive and detailed evidentiary showing upon which proper findings of fact can be made of the greater “value of the possession of the chattel” to one party rather than the other or that 1 ‘ the interest of the plaintiff would not be thereby prejudiced.”
The order denying defendant’s motion should be modified to the extent of providing that the denial is without prejudice to renewal upon a proper showing as above indicated and, as modified, affirmed without costs.